UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| D.V., et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>CITY OF SUNNYVALE, et al.,<br><br>    Defendant(s). | Case No. C-14-2155-RMW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>[Re: Docket No. 11] |

Defendant City of Sunnyvale ("Sunnyvale") moves to dismiss the complaint. Dkt. No. 11 ("Mot."). Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for decision without oral argument and therefore vacates the August 22, 2014 hearing. For the reasons explained below, the court GRANTS IN PART and DENIES IN PART Sunnyvale's motion to dismiss.

## I. BACKGROUND

This civil rights case arises out of an incident occurring in the parking lot of a Sunnyvale Hobee's restaurant on September 4, 2013. Dkt. No. 1 ("Complaint") ¶ 13. The complaint alleges that several undercover police officers from a task force including officers from Sunnyvale, the City of Santa Clara, and the County of Santa Clara approached Juan Carlos Ruelas' truck. *Id*. ¶ 14. Ruelas was unarmed, and, according to the complaint, "was not acting in a threatening manner," yet

at some point during the encounter the police officers fired their guns at Ruelas. *Id.* ¶ 15. Officers then allegedly ordered Ruelas to get out of his truck, even though Ruelas had allegedly been hit by the officers' gunfire. *Id.* The complaint states that Ruelas complied, but that the officers then opened fire once more, causing Ruelas' death. *Id.* According to the complaint, the police officers fired a total of approximately 30 bullets at Ruelas ("decedent"). *Id.*

Plaintiffs D.V., a minor who is decedent's son and successor in interest, Jose Luis Ruelas, decedent's father, and Rebeca Ruelas, decedent's mother (collectively, "plaintiffs") filed the instant suit on May 9, 2014. *See* Complaint ¶¶ 3-5. The complaint names as defendants the City of Sunnyvale, the City of Santa Clara, the County of Santa Clara, and John Does 1-50 (collectively, "defendants"), who represent the unidentified police officers present at the incident. *Id.* ¶¶ 6-9. Plaintiffs state that they attempted to identify the officers involved in the incident, but that none of the municipalities were willing to disclose the officers' names. *Id.* ¶ 9. While the City of Santa Clara and the County of Santa Clara separately answered the complaint, *see* Dkt. Nos. 7 (County of Santa Clara answer), 12 (City of Santa Clara answer), Sunnyvale instead brings the present motion to dismiss. Plaintiffs filed an opposition, Dkt. No. 13, and Sunnyvale filed a reply, Dkt. No. 17. The court held a hearing on August 22, 2014.

## II. ANALYSIS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### A. Plaintiffs' Section 1983 Claims

Plaintiffs assert two § 1983 claims against all defendants. Complaint ¶¶ 23-27. Plaintiffs include no allegations that explicitly name any of the municipality defendants, but plaintiffs' first claim alleges that "[d]efendants DOES 1-25 unreasonably and unlawfully seized and arrested Decedent by shooting him multiple times, causing his untimely death . . . ." *Id.*

Sunnyvale moves to dismiss plaintiffs' § 1983 claims, arguing that the complaint states no basis for municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiffs in their opposition clarify that "[p]laintiffs do not allege a municipal liability claim," but that plaintiffs reserve the right to later assert a municipal liability claim if discovery reveals a basis for such a claim. Opp. at 5. Because the complaint, by its general use of the term "defendants," alleges both § 1983 claims against all defendants, the court briefly analyzes municipal liability under § 1983.

Plaintiffs do not sufficiently allege a § 1983 claim against Sunnyvale, and thus plaintiffs' first two claims are dismissed as to Sunnyvale. The Supreme Court held in *Monell* that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Consequently, a municipality cannot be held liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id*. Here, plaintiffs do not contend that any official Sunnyvale policy caused the alleged constitutional violations. Complaint ¶¶ 23-27; Opp. at 5. Therefore, the court dismisses plaintiffs' two § 1983 claims as against Sunnyvale.

### B. Negligence (Claim 3) and Assault and Battery (Claim 5) Claims

Plaintiffs allege claims for negligence (which plaintiffs also label as a wrongful death claim) and assault and battery against all defendants, including Sunnyvale. Complaint ¶¶ 28-32, 38-40. Sunnyvale argues that plaintiffs' tort claims are barred by the Government Tort Claims Act because plaintiffs do not plead a statutory basis for Sunnyvale's liability. Section 815 of the California Government Code states that "[e]xcept as otherwise provided by statute . . . a public entity is not

1   liable for an injury, whether such injury arises out of an act or omission of the public entity or a
2   public employee or any other person." Cal. Gov't Code § 815. Therefore, "[u]nder the Government
3   Claims Act (Gov. Code, § 810 et seq.), there is no common law tort liability for public entities in
4   California; instead, such liability must be based on statute." *Guzman v. Cnty. of Monterey*, 46 Cal.
5   4th 887, 897 (2009). However, the very next section, Cal. Gov't Code § 815.2, provides that "[a]
6   public entity is liable for injury proximately caused by an act or omission of an employee of the
7   public entity within the scope of his employment if the act or omission would, apart from this
8   section, have given rise to a cause of action against that employee or his personal representative."
9   Cal. Gov't Code § 815.2. Sunnyvale is therefore vicariously liable for any assault and battery or
10  negligence by its officers. *Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007)
11  (finding that § 815.2 "clearly allows for vicarious liability of a public entity when one of its police
12  officers uses excessive force in making an arrest"); *Nozzi v. Hous. Auth. of City of Los Angeles*, 425
13  F. App'x 539, 542 (9th Cir. 2011) (holding that public entities "may be held vicariously liable for
14  the negligent acts of their individual employees").

15  Sunnyvale also argues "the complaint fails to state facts showing compliance with the claim
16  presentation requirements of the [Government] Tort Claims Act." Mot. at 6. California Government
17  Code § 945.4 states that "no suit for money or damages may be brought against a public entity on a
18  cause of action for which a claim is required to be presented . . . until a written claim therefor has
19  been presented to the public entity and has been acted upon by the board, or has been deemed to
20  have been rejected by the board . . . ." Cal. Gov't Code § 945.4. "[S]ubmission of a claim to a public
21  entity pursuant to section 900 et seq. 'is a condition precedent to a tort action and the failure to
22  present the claim bars the action.'" *Phillips v. Desert Hosp. Dist.*, 49 Cal. 3d 699, 708 (1989)
23  (quoting *Lutz v. Tri-City Hospital*, 179 Cal. App. 3d 807, 812 (1986)). With respect to the instant
24  motion to dismiss, "failure to allege facts demonstrating or excusing compliance with the claim
25  presentation requirement subjects a claim against a public entity to a demurrer for failure to state a
26  cause of action." *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004).

27  The court notes that the complaint omits any mention of plaintiffs' compliance with the
28  claim presentation requirement of the Government Tort Claims Act. As just mentioned above, under

ORDER RE MOTION TO DISMISS
Case No. C-14-2155-RMW
RDS
- 4 -

*Bodde*, the complaint must include facts demonstrating compliance with the claim presentation requirement or the claim will be dismissed. *Bodde*, 32 Cal. 4th at 1239. In their opposition, plaintiffs recognize the presentation requirement and affirm that they submitted their claim to the City of Sunnyvale, which rejected the claim after review. Opp. at 8; *see also* Dkt. No. 15-1, Nisenbaum Decl. Exh. A, City of Sunnyvale Notice of Rejection of Claim. "Plaintiffs seek leave to amend the complaint to allege their compliance with the [Government] Tort Claims Act." Opp. at 8. Accordingly, the court grants Sunnyvale's motion to dismiss as to plaintiffs' negligence and assault and battery claims.

### C.  California Civil Code Section 52.1 Claim

Plaintiffs bring a claim against all defendants for violation of California Civil Code § 52.1, commonly known as the Tom Bane Civil Rights Act. Part (a) of § 52.1 prohibits "a person or persons, whether or not acting under color of law, [from] interfere[ing] by threats, intimidation, or coercion, or [from] attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . ." Cal. Civ. Code § 52.1(a). Section 52.1(b), which provides a private right of action for injured individuals, states that

> Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

Cal. Civ. Code § 52.1(b).

Sunnyvale first argues that plaintiffs' § 52.1 claim should be dismissed because plaintiffs do not allege sufficient facts showing a constitutional rights violation by a Sunnyvale officer. Mot. at 8. However, the complaint alleges that several unidentified officers interfered with the decedent's constitutional rights "by unnecessarily shooting him multiple times until his untimely death, all accomplished through force, threats, intimidation and coercion." Complaint ¶ 34. Plaintiffs state that they contacted the defendants to determine which officers were involved in the incident, but that

none of the defendants were willing to disclose the identities of the involved officers. *Id*. ¶ 9. At this time, plaintiffs cannot ascertain whether Sunnyvale officers, Santa Clara officers, or both caused the decedent's death. Therefore, by pleading generally that the officers present at the incident are responsible, plaintiffs have sufficiently alleged that Sunnyvale is liable.

Second, Sunnyvale contends that the complaint does not include a basis for direct liability against Sunnyvale. In their opposition, plaintiffs clarify that Sunnyvale is only liable under a respondeat superior theory of liability. Opp. at 10-12. Courts have consistently held that public entities may be held vicariously liable for a violation of § 52.1, and, more specifically, that cities may be held vicariously liable for police officers' violations of § 52.1. *See Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168-69 (N.D. Cal. 2009) (finding City of Oakland liable under respondeat superior for police officers' violations of § 52.1); *Santos ex rel. Santos v. City of Culver City*, 228 F. App'x 655, 659 (9th Cir. 2007) (remanding for consideration of whether City of Culver City was vicariously liable for violation of § 52.1); *Ohlsen v. Cnty. of San Joaquin*, No. 06-CV-02361 GEB, 2008 WL 2331996, at *5 (E.D. Cal. June 4, 2008) (granting summary judgment for plaintiff that County of San Joaquin is vicariously liable for its employees' violation of § 52.1). Therefore, Sunnyvale is a proper defendant to plaintiff's § 52.1 claim.

Sunnyvale also asserts that a § 52.1 claim requires threats, coercion, or intimidation separate from the underlying constitutional violation. Sunnyvale contends that plaintiffs' § 52.1 claim must be dismissed for failure to plead separate threats, coercion, or intimidation. Plaintiffs respond that a § 52.1 does not require separate threats, coercion, or intimidation when the defendants' actions are intentional, rather than merely negligent.

The court finds plaintiffs' position more persuasive. In *Venegas v. County of Los Angeles*, 32 Cal. 4th 820 (2004), the principal California Supreme Court case on § 52.1, the Court held that § 52.1 is "limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right." *Venegas*, 32 Cal. 4th at 843. "[P]laintiffs need not allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats, intimidation, or coercion." *Id*. The Court concluded that "imposing added limitations on the scope of section 52.1 would appear to be more a legislative concern than a judicial one . . . ." *Id*.

Against this backdrop, the California Court of Appeal for the Second District decided *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947 (2012), which Sunnyvale cites as its primary support for a rule requiring separate threats, coercion, or intimidation. In *Shoyoye*, the plaintiff alleged that he had been wrongly detained in county jail. *Shoyoye*, 203 Cal. App. 4th at 950. The county maintained that the plaintiff's initial detention was justified, but the county acknowledged that it had detained the plaintiff for an extra 16 days due to a clerical error. *Id*. *Shoyoye* directly presented the issue, avoided by the California Supreme Court, of whether § 52.1 applies when a defendant merely acts negligently, with no intent. *Id*. at 957-58. The *Shoyoye* court conceptualized the issue as two related questions: "[(1)] What type of interference is contemplated by the statute—intentional and callous interference only or also incidental interference brought about by negligent conduct? [(2)] As applicable here, where coercion is inherent in the constitutional violation alleged, as it is in an unreasonably prolonged detention, is the statutory requirement satisfied or does the statute require a showing of coercion independent from the coercion inherent in the wrongful detention itself?" *Id*. at 958. As to the first question, *Shoyoye* held that "[t]he act of interference with a constitutional right must itself be deliberate or spiteful." *Id*. at 959. As to the second question, *Shoyoye* found that § 52.1 "requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Id*. Because the defendant had not acted deliberately to cause the plaintiff's over-detention and the defendant's coercion was not independent from the coercion inherent in the plaintiff's wrongful detention, the court determined that the plaintiff had not proven the requisite elements of his § 52.1 claim. *Id*. at 961-62.

Subsequent decisions, especially in this District, have largely limited *Shoyoye* to its first holding, that § 52.1 requires intentional interference with a constitutional right, and not merely negligent acts. For example, a court in this District has held that "*Shoyoye* is best viewed as a carve-out from the general rule stated in *Venegas*." *Bass v. City of Fremont*, No. 12-CV-04943 TEH, 2013 WL 891090, at *6 (N.D. Cal. Mar. 8, 2013). Another court in this district, citing *Bass*, agrees: "the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct, and . . . *Shoyoye* applies only when the conduct is unintentional." *M.H. v. Cnty. of Alameda*, No. 11-CV-02868 JST, 2013 WL 1701591, at *7 (N.D. Cal. Apr. 18, 2013) (citing *Bass*, 2013 WL 891090).

Although courts have not been unanimous,[1] the great weight of authority in the Northern District of California has followed this path and confined *Shoyoye* to circumstances involving negligent conduct.[2] The California Court of Appeal for the Second District, returning to the issue, has similarly limited its *Shoyoye* decision, finding that "[t]here is no Bane Act violation 'where the overdetention occurs because of mere negligence rather than a volitional act intended to interfere with the exercise or enjoyment of the constitutional right.'" *Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 979 (2013) (citing *Shoyoye*, 203 Cal. App. 4th at 957-58). This court therefore follows the substantial and growing authority that restricts *Shoyoye* to cases where the defendant's actions were negligent. Section 52.1 does not require threats, coercion, or intimidation independent from the threats, coercion, or intimidation inherent in the alleged constitutional or statutory violation.

Given that *Shoyoye* only applies when the defendant's actions were negligent or unintentional, resolution of Sunnyvale's argument is simple. Plaintiffs allege that Sunnyvale violated the decedent's constitutional rights when unidentified police officers shot and killed the decedent. Complaint ¶¶ 34-35. Plaintiffs state that the police officers at the incident acted

---

[1] *See, e.g.*, *Rodriguez v. City of Fresno*, 819 F. Supp. 2d 937, 953 (E.D. Cal. 2011) ("The text of the Bane Act and such case authority as the court can find indicates that a cause of action under the act requires a predicate—the application of threat, intimidation or coercion—and an object—interference with a constitutional or statutory right."); *Valdez v. City of San Jose*, No. 09-CV-00176 KAW, 2013 WL 6108052, at *12 (N.D. Cal. Nov. 18, 2013) (following *Rodriguez*).

[2] *See Davis v. City of San Jose*, No. 14-CV-02035 BLF, 2014 WL 2859189, at *7 (N.D. Cal. June 20, 2014) ("However, the [defendants] ignore the wealth of subsequent case law that has limited *Shoyoye* to its narrow circumstances—case law with which this Court agrees."); *Brown v. City & Cnty. of San Francisco*, No. 11-CV-02162 LB, 2014 WL 1364931, at *17 (N.D. Cal. Apr. 7, 2014) ("[T]he court finds persuasive the line of cases permitting Bane Act claims based on the same conduct as an underlying constitutional violation."); *Mateos-Sandoval v. Cnty. of Sonoma*, No. 11-CV-05817 TEH, 2013 WL 3878181, at *8 (N.D. Cal. July 25, 2013) (denying a motion to dismiss because the defendants' conduct "was brought about by intentional conduct, not by negligence" and "was inherently coercive"); *Skeels v. Pilegaard*, No. 12-CV-02175 TEH, 2013 WL 970974, at *4 (N.D. Cal. Mar. 12, 2013) (denying a motion to dismiss because "[t]he harms that [plaintiff] alleges were not brought about by human error, but rather by intentional conduct, conduct which could be reasonably perceived as threatening, intimidating, or coercive"); *Holland v. City of San Francisco*, No. 10-CV-02603 TEH, 2013 WL 968295, at *10 (N.D. Cal. Mar. 12, 2013) (the argument that *Shoyoye* requires independent threats, coercion, or intimidation "is based on an overly broad reading of *Shoyoye*, one which conflicts with California Supreme Court precedent").

1  intentionally, and there can be no dispute that the officers' lethal encounter with the decedent was

2  coercive. *Id*. ¶¶ 15-16. Therefore, the court denies Sunnyvale's motion as to plaintiffs' § 52.1 claim.

### D. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In their opposition, plaintiffs explicitly seek leave to amend their complaint. Sunnyvale does not contest that plaintiffs are entitled to leave to amend. Plaintiffs have not yet amended their complaint, and several of the amendments necessary to avoid dismissal on the bases given in this order are likely simple. The court therefore grants plaintiffs 21 days leave to amend the complaint. Plaintiffs must cure the deficiencies raised in this order to avoid a second dismissal on identical grounds. However, plaintiffs may also wish to amend the complaint to address other arguments brought by Sunnyvale but not reached by the court at this time.

### III. ORDER

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART Sunnyvale's motion to dismiss. The court grants plaintiffs 21 days leave to amend the complaint. Plaintiffs must file a first amended complaint no later than September 4, 2014.

Dated: August 14, 2014

_____
RONALD M. WHYTE
United States District Judge

*United States District Court*
*For the Northern District of California*

ORDER RE MOTION TO DISMISS
Case No. C-14-2155-RMW
RDS

- 9 -