UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. V., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>JACOB THOMPSON, et al.,<br><br>        Defendants. | Case No. 14-cv-02155-RMW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 56 |

Defendants Cory Morgan and Tyler Fernandes move to dismiss the second amended complaint ("SAC"). Dkt. No. 56. Specifically, defendants Morgan and Fernandes move for an order substituting the United States of America as the defendant for plaintiffs' third, fourth, and fifth claims (plaintiffs' three state law claims), and an order dismissing those claims for lack of subject matter jurisdiction on the ground that plaintiffs failed to exhaust their administrative remedies as required by the Federal Tort Claims Act ("FTCA"). For the reasons explained below, the court GRANTS defendants' motion to substitute and motion to dismiss.

**I.   BACKGROUND**

This civil rights case arises out of the September 4, 2013 shooting death of Juan Carlos Ruelas during a Drug Enforcement Administration ("DEA") sting operation in Sunnyvale, California. SAC ¶ 17. The police officers involved in the sting were from Sunnyvale, the City of Santa Clara, and the County of Santa Clara, but each was working under the auspices of the DEA during the operation. *Id.* ¶¶ 6–11. Defendants Morgan and Fernandes were acting as federally

deputized DEA Task Force Officers. *See* Dkt. No. 56, Ex. A.[1] The Attorney General, acting through his designee, the United States Attorney's Office, *see* 28 C.F.R. § 15.4, has certified that defendants Morgan and Fernandes were acting within the scope of their office or employment at the time of the incident at issue in this case, and therefore that they are federal employees for the purposes of plaintiffs' state law claims. *Id*.

The SAC alleges the following timeline of events. Santa Clara Police Department Detective Travis Niesen arranged to meet Ruelas in the parking lot of a Sunnyvale restaurant on September 4, 2013 to make an undercover purchase of one pound of methamphetamine. *Id*. ¶ 19. Detective Niesen had previously made several undercover methamphetamine purchases from Ruelas, and the DEA task force of which Niesen was a part planned to use the September 4, 2013 meeting to arrest Ruelas. *Id*. Detective Niesen approached Ruelas's truck, and Ruelas handed him a pound of methamphetamine through the open passenger door. *Id*. ¶ 20. Detective Niesen was wearing a wire, and the other officers involved in the sting, including defendants Morgan and Fernandes, listened in on the transaction. *Id*. The transmission was intermittent due to poor reception, and was not recorded. *Id*. The officers listening over the wire could hear only Detective Niesen, and not Ruelas. *Id*.

After Ruelas handed over the drugs, Detective Niesen gave the coded arrest signal over the wire, and delayed Ruelas. *Id*. ¶¶ 1, 20. Ruelas warned Detective Niesen that he had a gun, and told him to hurry up and not "do anything stupid." *Id*. ¶¶ 20–21. However, despite his threats, Ruelas was unarmed. *Id*. ¶ 23. After Detective Niesen asked Ruelas why he had brought a gun, Ruelas "move[d] a hand," and Detective Niesen began to shoot at Ruelas. *Id*. ¶ 21. When Detective Niesen began shooting, he was still undercover, and the sting had not been announced to Ruelas.

---

[1] Defendants attach the certification pursuant to 28 U.S.C. § 2679(d) to their motion to dismiss, *see* Dkt. No. 56, Ex. A, as well as two deputization request/authorization forms for Morgan and Fernandes that deputized them to act as DEA task force officers pursuant to 21 U.S.C. § 878, *see* Dkt. Nos. 56-1, 56-2. Although a court generally may not look beyond the four corners of a complaint in ruling on a Rule 12(b)(6) motion, a court may consider matters subject to judicial notice. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). Here, neither party objects to the documents submitted in support of the motion to dismiss and opposition, and the court finds the documents properly subject to judicial notice under Fed. R. Evid. 201(b).

14-cv-02155-RMW
ORDER GRANTING MOTION TO DISMISS

*Id*. After Detective Niesen began shooting, several undercover police officers from Sunnyvale, the City of Santa Clara, and the County of Santa Clara, including defendants Morgan and Fernandes, rushed toward the vehicle and also began shooting. *Id*. ¶ 22. Ruelas was incapacitated by the initial barrage, but the officers began firing again after Officer Justin Mead said the word "gun." *Id*. Ruelas was unarmed, and no facts are alleged in the SAC to explain why Officer Mead said "gun." *Id*. Ruelas was thereafter transported to Santa Clara Valley Medical Center in San Jose, California, and pronounced dead from multiple gunshot wounds. *Id*. ¶ 24. Ruelas's minor son and successor-in-interest D.V., and his father and mother, Jose Luis Ruelas and Rebeca Ruelas, filed the instant suit on May 9, 2014. *See* Dkt. No. 1.

The original complaint named as defendants the City of Sunnyvale, the City of Santa Clara, the County of Santa Clara, and John Does 1-50, who represented the police officers present at the incident and who were at that time unidentified. Dkt. No. 1 ¶¶ 6-9. The complaint alleged the following claims against all defendants: (1) two claims under 42 U.S.C. § 1983; (2) negligence, labelled as a wrongful death claim; (3) assault and battery; and (4) a claim under the Tom Bane Civil Rights Act, California Civil Code § 52.1. *Id*. ¶¶ 23–40. On June 24, 2014, Sunnyvale moved to dismiss the complaint, Dkt. No. 11, which the court granted-in-part and denied-in-part on August 14, 2014, Dkt. No. 18. The court dismissed plaintiffs' Section 1983 claims against Sunnyvale, finding that the complaint alleged no basis for municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), and dismissed plaintiffs' negligence and assault and battery claims for failure to plead that plaintiffs had complied with the FTCA. Dkt. No. 18, at 3–4. The court granted plaintiffs leave to amend both claims. *Id*. at 9. The court denied the motion to dismiss as to the claim under California Civil Code § 52.1. *Id*. at 5–9.

Plaintiffs filed a first amended complaint ("FAC") on September 4, 2014. Dkt. No. 19. After defendants produced the investigation report identifying the individual officers involved in the shooting, plaintiffs filed the SAC, which names only the officers involved in the shooting as

14-cv-02155-RMW
ORDER GRANTING MOTION TO DISMISS

3

individual defendants, and no municipalities.[2] *See* Dkt. No. 34. The SAC alleges five claims: (1) a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment through the use of excessive force; (2) a Section 1983 claim based on violations of the Fourteenth Amendment and the "Right to Familial Relationship"; (3) a negligence claim; (4) a claim for violation of the Tom Bane Civil Rights Act, California Civil Code § 52.1; and (5) an assault and battery claim. SAC ¶¶ 30–46. Each claim is brought by D.V. against all defendants except for the Fourteenth Amendment Section 1983 claim, which is brought by all plaintiffs against all defendants.

Defendants Jacob Thompson, Justin Mead, Travis Niesen, and Greg Hill, all officers with the City of Santa Clara police department, filed an answer on March 30, 2015. Dkt. No. 43. On July 24, 2015 defendants Cory Morgan and Tyler Fernandes moved to substitute the United States as the defendant for plaintiffs' third, fourth, and fifth claims (all of plaintiffs' non-Section 1983 claims), and to dismiss those claims for lack of subject matter jurisdiction because plaintiffs failed to exhaust their administrative remedies as required by the FTCA, 28 U.S.C. § 2675(a). Dkt. No. 56. Plaintiffs filed a response to the motion to dismiss on August 7, 2015. Dkt. No. 58. Plaintiffs' response states that plaintiffs have no objection to the substitution of the United States in place of defendants Morgan and Fernandes as to the third, fourth, and fifth claims. *Id*. at 2. However, plaintiffs attach a claim filed with the DEA on August 6, 2015, based on the incident at issue in this case, in opposition to defendants' motion to dismiss based on 28 U.S.C. § 2675(a). *Id*. Defendants Morgan and Fernandes filed a reply on August 14, 2015. Dkt. No. 59.

## II.   ANALYSIS

Defendants first move for an order substituting the United States as the defendant for plaintiffs' three state law claims. Defendants Morgan and Fernandes have been deemed federal employees for the purposes of plaintiffs' state law claims. *See* Dkt. No. 56 at Ex. A. Plaintiffs do not challenge the Attorney General's certification, and do not object to the substitution of the

---

[2] Plaintiffs filed stipulations to the dismissal of Sunnyvale and the County of Santa Clara. *See* Dkt. Nos. 32, 39. Plaintiffs dropped the City of Santa Clara as a defendant by not naming the city in the SAC.

14-cv-02155-RMW
ORDER GRANTING MOTION TO DISMISS
4

1   United States for defendants Morgan and Fernandes as to plaintiffs' third, fourth, and fifth claims.

2   Dkt. No. 58, at 2. Under 28 U.S.C. § 2679(d)(1), after individual defendants are "deemed" federal

3   actors, the United States "shall be substituted as the party defendant" for the individual defendants.

4   Accordingly, the court GRANTS defendants' motion to substitute.

5         Defendants also move to dismiss plaintiffs' three state law claims against the United

6   States—as the substituted party for defendants Morgan and Fernandes—for lack of subject matter

7   jurisdiction because plaintiffs failed to exhaust their administrative remedies prior to filing suit.

8   Dkt. No. 56, at 6–7. Plaintiffs responded to the motion to dismiss by filing an FTCA claim with

9   the DEA. *See* Dkt. No. 58-1. As defendants note, plaintiffs' brief does not explain the effect of

10  plaintiffs' administrative claim with the DEA on the motion to dismiss. In its reply, the United

11  States contends that the FTCA filing does not defeat the motion to dismiss, and that plaintiffs'

12  state law claims against the United States must be dismissed for lack of subject matter jurisdiction.

13  Dkt. No. 59, at 2–3. The court agrees.

14        The FTCA prohibits actions for money damages against the United States based on the

15  negligent or wrongful conduct of federal employees acting within the scope of their employment,

16  unless the claimant files a claim with the appropriate federal agency and the agency denies the

17  claim or fails to render a final disposition of the claim within six months, at which time it is

18  deemed denied at the option of the claimant. 28 U.S.C. § 2675(a). The FTCA thus contains two

19  separate exhaustion requirements that must be met before a plaintiff may bring an action in federal

20  court based on the claim. First, the claimant must present an administrative tort claim to the

21  appropriate federal agency. *See Warren v. United States Dep't of Interior*, 724 F.2d 776, 777–78

22  (9th Cir. 1984). Second, the agency must either deny the claim, or six months must pass without

23  final disposition by the agency. *Id*. at 778 (citing 28 U.S.C. § 2675(a)); *see also McNeil v. United

24  States*, 508 U.S. 106, 113 (1993). If a plaintiff's claim is denied, the plaintiff then has six months

25  from receiving notice of final denial of the claim to file an action in federal district court. *See* 28

26  U.S.C. § 2401(b).

27        The FTCA requires "complete exhaustion of [administrative] remedies before invocation

28  14-cv-02155-RMW
ORDER GRANTING MOTION TO DISMISS

of the judicial process." *McNeil*, 508 U.S. at 112. "[T]he administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States." *Jerves v. United States*, 966 F.2d 517, 519, 521 (9th Cir. 1992); *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011). "[A]n FTCA action filed before exhaustion ha[s] been completed [cannot] proceed in district court even where the litigation ha[s] not substantially progressed." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013). "Plaintiffs bear the initial burden to establish subject matter jurisdiction under the FTCA." *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014) (citing *Oberson v. U.S. Dep't of Agric.*, 514 F.3d 989, 997 (9th Cir. 2008)).

Here, the court has no subject matter jurisdiction of plaintiffs' state law claims against the United States because plaintiffs have not satisfied the second administrative exhaustion requirement under the FTCA. Plaintiffs have the burden of showing that the court has jurisdiction over the asserted state law claims. *Young*, 769 F.3d at 1052. Although plaintiffs have now filed a claim with the DEA, satisfying the first requirement under Section 2675(a), defendants report that no final decision has been made by the DEA, and plaintiffs do not present any evidence suggesting otherwise. Dkt. No. 59, at 3. Nor has six months passed since plaintiffs filed their claim. Plaintiffs filed their claim on August 6, 2015, the day before filing their opposition to the instant motion to dismiss, and as of the date of this order only twenty-nine days have elapsed since the claim was filed. Because plaintiffs have failed to fully exhaust their administrative remedies under the FTCA, the court lacks subject matter jurisdiction over plaintiffs' state law claims against the United States. Accordingly, the court GRANTS defendants' motion to dismiss the third, fourth, and fifth claims against the United States.

### III. ORDER

For the foregoing reasons, the court GRANTS defendants' motion to substitute the United States for defendants Morgan and Fernandes as to plaintiffs' three state law claims, and GRANTS defendants' motion to dismiss plaintiffs' state law claims against the United States based on

14-cv-02155-RMW
ORDER GRANTING MOTION TO DISMISS
6

plaintiffs' failure to exhaust their administrative remedies as required by the FTCA.

**IT IS SO ORDERED.**

Dated: September 4, 2015


Ronald M. Whyte
United States District Judge

14-cv-02155-RMW
ORDER GRANTING MOTION TO DISMISS

7